JUSTRINGZ–CENTURY III MALL, JuStringz–South Hills Village Mall, Shagufta Parveen, and Nida Hassan, Petitioners

v.

BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE BOARD OF COSMETOLOGY, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 4, 2011.

Decided May 9, 2011.

Pamela L. Brickner, Allison Park, for petitioners.

David Markowitz, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge SIMPSON.

In this administrative agency appeal, JuStringz–Century III Mall, JuStringz–South Hills Village Mall (JuStringz), Shagufta Parveen (Parveen) and Nida Hassan (Hassan) (collectively, Petitioners) ask whether the State Board of Cosmetology (Board) erred in determining they violated Section 2 of the Beauty Culture Law (Law),[1] by practicing cosmetology without a license. The Board determined Petitioners' practice of "eyebrow threading," which involves the removal superfluous facial hair, falls within the Law's definition of "cosmetology," and, therefore, requires a license. Petitioners assert the Board erred in determining eyebrow threading falls within the definition of cosmetology. Upon review, we affirm.

JuStringz operates kiosks throughout Pennsylvania where it offers eyebrow threading services for compensation. JuStringz employed Parveen and Hassan[2] to

---

1. Act of May 3, 1933, P.L. 242, *as amended,* 63 P.S. § 508.

2. Nida Hassan's whereabouts are unknown. Hr'g Exam'r Order, 03/31/10, Finding of Fact

perform eyebrow threading services in the Century III and South Hills Village Malls, respectively, in the Pittsburgh area. Petitioners do not dispute they are not licensed under the Law.

The practice of eyebrow threading removes superfluous facial hair and is an alternative to waxing. Eyebrow threading consists of looping thread around facial hair and pulling that hair out using the thread. According to JuStringz' literature for its customers, eyebrow threading has been practiced since ancient times in the Indian subcontinent and in some parts of the Middle East.

After an investigation, an inspector for the Pennsylvania Department of State, Bureau of Enforcement and Investigation issued citations to Petitioners. The Bureau of Professional and Occupational Affairs (Bureau) imposed a $1,000 civil penalty against Sid Biranth, the listed owner of JuStringz at the time of the citations, for maintaining two unlicensed cosmetology salons[3] and assessed Parveen and Hassan civil penalties in the amount of $500 each for practicing cosmetology without licenses.

Petitioners requested a hearing. The Bureau consolidated the citations and held a hearing. At the hearing, JuStringz, represented by counsel, offered the testimony of several corporate representatives and a licensed cosmetologist. Parveen and Hassan did not attend the hearing.

After the hearing, the hearing examiner issued an order sustaining the citations. Petitioners filed an application for administrative review, which the Board denied. Petitioners then appealed to this Court.

On appeal,[4] Petitioners generally assert the Board erred in determining the practice of eyebrow threading is within the purview of the Law so as to require a cosmetology license.

Section 1 of the Law states:

"**Cosmetology**" includes *any or all work done for compensation by any person, which work is generally and usually performed by cosmetologists,* which work is for the embellishment, cleanliness and beautification of the human hair, such as arranging, braiding, dressing, curling, waving, permanent waving, cleansing, cutting, singeing, bleaching, coloring, pressing, or similar work thereon and thereabout, *and the removal of superfluous hair,* and the massaging, cleansing, stimulating, manipulating, exercising, or similar work upon the scalp, face, arms or hands, or the upper part of the body, by the use of mechanical or electrical apparatus or appliances or cosmetics, preparations, tonics, antiseptics, creams or lotions, *or by any other means,* and of manicuring the nails, *which enumerated practices shall*

---

(F.F.) No. 20; Certified Record (C.R.) Item # 23, Notes of the Testimony (N.T), 12/03/09, at 94; Ex.C–16 (Stipulation). Although the pleadings and transcript refer to her as Nida Hassan, the citation indicates her name is Nida *Hassam.* Hr'g Exam'r Order at n. 3; N.T. at 25; Ex. C–6.

**3.** Sid Biranth subsequently changed the registration with the Pennsylvania Department of State to indicate Boeau Belle, Ltd. is the owner. Biranth is President of Boeau Belle, Ltd., a Delaware corporation t/d/b/a JuStringz and t/d/b/a Just Stringz. Boeau Belle, Ltd.

engages in eyebrow threading as its sole business activity. Hr'g Exam'r Order, F.F. Nos. 1, 3, 5–7; N.T. at 98–99, 103–104, 106–107, 109–110; Ex. C–16.

**4.** Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact were supported by substantial evidence. *LT Int'l Beauty Sch., Inc. v. Bureau of Prof'l and Occupational Affairs, State Bd. of Cosmetology,* 13 A.3d 1004 (Pa.Cmwlth.2011).

*be inclusive of the term cosmetology but not in limitation thereof. The term also includes the acts comprising the practice of nail technology, natural hair braiding and esthetics.*

63 P.S. § 507 (emphasis added).

Petitioners first argue eyebrow threading is not "generally and usually performed by cosmetologists;" therefore, the Board erred in determining eyebrow threading is included in the definition of cosmetology. Petitioners argue the practice of eyebrow threading is rare, and the subject is not included in the curriculum at cosmetology schools. Certified Record (C.R.), Item # 23, Notes of the Testimony (N.T.), 12/03/09, at 63, 67–69, 91, 118–119.

The definition of cosmetology is to be liberally construed. 1 Pa.C.S. § 1928; *Diwara v. State Bd. of Cosmetology*, 852 A.2d 1279 (Pa.Cmwlth.2004). The object of statutory construction is to ascertain and effectuate the Legislature's intent and to give effect to all of a statute's provisions. 1 Pa.C.S. § 1921; *Fletcher v. Pa. Prop. & Cas. Ins. Guar. Ass'n*, 603 Pa. 452, 985 A.2d 678 (2009). Generally, courts defer to an agency's interpretation of the statutes it administers. *Rosen v. Bureau of Prof'l & Occupational Affairs, State Architects Licensure Bd.*, 763 A.2d 962 (Pa. Cmwlth.2000).

Here, the Board determined:

The General Assembly, in enacting the [Law], defined cosmetology in terms of the nature of the **work** generally and usually performed by cosmetologists, **not** the precise practices. This makes sense, since historically the range of practices offered by cosmetologists has expanded and incorporated new techniques as technologies advanced, new fashions emerged, and older practices, common in other parts of the world, spread to the Commonwealth. Driving home that point, the Board notes that the [Law] notes that the "enumerated practices" are "**inclusive** of the term cosmetology but **not in limitation** thereof."

Bd. Order, 09/21/10, at 4 (emphasis in original). We agree with the Board.

The plain language of the Law's definition of "cosmetology" defines that term with reference to the work performed, not the method used to perform it. *See* 63 P.S. § 507; *Diwara* (cosmetology included hair braiding prior to the amendment specifically including it in the definition).

Of particular significance here, in *Diwara*, we rejected the argument that natural hair braiding was not generally and usually performed by cosmetologists because this argument "ignore[d] the fact that [the petitioners'] work does provide a service that comes under the definition of cosmetology as stated." *Id.* at 1283. Given the ruling in *Diwara*, we reject Petitioners' similar argument here.

Specifically, cosmetology, as defined by the Law, includes the removal of superfluous hair. The work of removing superfluous hair is generally and usually performed by cosmetologists. Because the practice of eyebrow threading involves the work of removing superfluous hair, it is within the Law's definition of cosmetology.

Petitioners next argue the Legislature omitted the practice of eyebrow threading from the Law. As a result, the Board erred in expanding the Law to include it. They assert the Legislature did not intend eyebrow threading to be regulated because it neither expressly included the technique in its 2006 amendments to the Law, nor included a broader phrase, such as "or similar procedures" in the definition of "esthetics." *See* 63 P.S. § 507 (defining "esthetics," as "the practice of massaging the face, applying cosmetic preparations, antiseptics, tonics, lotions or creams to the

face, removing superfluous hair by tweezers, depilatories or waxes and the dyeing of eyelashes and eyebrows.") [5] Petitioners argue the Legislature, in defining "esthetics," limited its scope to the removal of superfluous hair by tweezers, depilatories [6] and waxes. Therefore, the specific "esthetics" definition does not include eyebrow threading.

Petitioners further assert a conflict exists between the definitions of cosmetology and esthetics. They contend the rules of statutory construction mandate that the specific provision prevails, and they reconcile these allegedly contradictory provisions by giving effect to the more recently enacted provision. 1 Pa.C.S. §§ 1933, 1934. Petitioners maintain the enumerated methods set forth in the definition of "esthetics" added by the Legislature in 2006 prevail over the older, general definition of cosmetology. Petitioners contend the Law does not apply to eyebrow threading because eyebrow threading does not utilize any of the enumerated methods of removing hair. 63 P.S. § 507.

Here, the Board construed the term "esthetics" to include eyebrow threading because it is functionally identical to hair removal by other means of pulling the hair from the follicle and differs only in the simple machine used "(a looped thread instead of a [sic] metal tweezers)." Bd. Order at 5. However, it is unnecessary to decide whether eyebrow threading, a practice within the scope of cosmetology, is also included in the definition of esthetics. More particularly, cosmetology includes "the removal of superfluous hair *and* ... acts comprising the practice of nail tech-

nology, natural hair braiding *and esthetics.*" 63 P.S. § 507 (emphasis added).

Statutory construction requires that provisions in a statute be construed, "if possible, so that effect may be given to both." 1 Pa.C.S. § 1933. The rules of statutory construction referenced by Petitioners apply where there is an irreconcilable conflict between provisions in a statute. *See* 1 Pa.C.S. §§ 1933, 1934. Here, the terms cosmetology and esthetics are not in conflict. Rather, the practice of esthetics is included as a subset within the definition of cosmetology. *See* 63 P.S. § 507.

Petitioners ignore the unchanged definition of cosmetology, which includes the removal of superfluous hair. Although the practice of esthetics is also included in cosmetology, cosmetology is not limited to esthetics. As a more expansive term, cosmetology includes practices that are not specifically mentioned in esthetics. [7] The Board's construction of the Law is proper and entitled to deference. *Rosen.*

Accordingly, we affirm.

### ORDER

**AND NOW,** this 9th day of May, 2011, the order of the Pennsylvania Department of State, Bureau of Professional and Occupational Affairs and State Board of Cosmetology, dated September 21, 2010, is **AFFIRMED.**

DISSENTING OPINION BY Senior Judge FRIEDMAN.

I respectfully dissent. The majority holds that "eyebrow threading" falls within the statutory definition of "cosmetology" and, thus, that the State Board of Cosme-

---

5. The defined term "esthetics" was added to the Law by the Act of July 7, 2006, P.L. 704.

6. A depilatory is a cream or lotion for removing unwanted hair. Hr'g Exam'r Order at n. 7; N.T. at 56.

7. Petitioners were not cited for failing to have licenses for esthetics. *See* C.R. Item # s 1, 3, 5, 7 (citations).

tology (Board) properly penalized JuStringz–Century III Mall, JuStringz–South Hills Village Mall, Shagufta Parveen and Nida Hassan (collectively, Petitioners) for practicing "cosmetology" without a license in violation of section 2 of the Beauty Culture Law (Law).[1] For the following reasons, I disagree.

"Eyebrow threading" consists of looping thread around facial hair and pulling that hair out using the thread. The practice has existed since ancient times in India and in some parts of the Middle East. Section 1 of the Law defines "cosmetology" as follows:

> "Cosmetology" includes any or all work done for compensation by any person, [1] which work is **generally and usually performed by cosmetologists,** [2] which work is for the embellishment, cleanliness and beautification of the human hair ... and the removal of superfluous hair ... which enumerated practices shall be inclusive of the term cosmetology but not in limitation thereof. The term also includes the acts comprising the practice of ... esthetics.

63 P.S. § 507 (emphasis added). "Esthetics" includes the practice of "removing superfluous hair by tweezers, depilatories or waxes." *Id.*

The question is whether "eyebrow threading" is generally and usually performed by cosmetologists. In my view, this is a question of fact. Joseph R. Moore, an inspector for the Board, testified that, in his seven years as an inspector, he has never seen a licensed cosmetologist perform "eyebrow threading." (N.T., 12/3/09, at 30–31, 63, 68; R.R. at 111a–12a, 144a, 149a.) John Campellone, an investigator for the Board, testified that he has never observed a cosmetologist perform "eyebrow threading." (*Id.* at 72–73, 91;

R.R. at 153a–54a, 172a.) Moore also testified that "eyebrow threading" is not a topic covered on the examination given for cosmetologists. (*Id.* at 67; R.R. at 148a.) Taheera Edmond, a licensed cosmetologist, testified that: (1) "eyebrow threading" was not covered in her cosmetology education; (2) "eyebrow threading" was not covered on her licensing exam; (3) she knows no licensed cosmetologist who does "eyebrow threading"; and (4) the cosmetology textbook used in cosmetology schools throughout the United States does not address "eyebrow threading." (*Id.* at 116, 118–119, 121–22; R.R. at 197a, 199a–200a, 202a–03a.) Given this uncontradicted testimony, I cannot conclude that "eyebrow threading" falls within the statutory definition of "cosmetology."

The majority ignores the evidence because, in *Diwara v. State Board of Cosmetology,* 852 A.2d 1279, 1283 (Pa.Cmwlth. 2004), this court rejected the argument that "hair braiding" is not generally and usually performed by cosmetologists. However, in *Diwara,* this court noted that the argument consisted of "a one and one-half page argument made without any citations." *Id.* at 1283 n. 6. Moreover, unlike this case, there was no evidence in *Diwara* addressing whether "hair braiding" was generally and usually performed by cosmetologists.

Furthermore, I cannot interpret the statutory definition of "cosmetology" in such a way that the words "which work is generally and usually performed by cosmetologists" have no meaning. This court is to construe a statute "to give effect to all its provisions." Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(a). Certainly, a practice that is not usually performed by cosmetologists cannot be considered "cosmetology."

---

1. Act of May 3, 1933, P.L. 242, *as amended,* 63 P.S. § 508.

Thus, here, an ethnic practice like "eyebrow threading," which is **not** generally and usually performed by cosmetologists, is not "cosmetology."

Accordingly, I would reverse.[2]

---

**2.** Because of the difficulties with the statutory definition, I submit that those who perform "eyebrow threading" for compensation have not been given adequate notice that the prac-tice falls within the statutory definition. For that reason, were I to agree with the majority, I would make the majority's holding prospective in nature.